PER CURIAM:
*421 Granted. The district court conducted a hearing and properly concluded that the state was materially prejudiced in its ability to respond to, negate, and rebut the allegations of the petition as a result of events not under its control which have transpired since the date of original conviction. See La.C.Cr.P. art. 930.8(B). Therefore, respondent's application for post-conviction relief is dismissed.
Respondent has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Respondent's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, respondent has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.